No. 842

First Circuit

PONCHATOULA HOMESTEAD ASSN. v. KENNON

(INGE, Intervener and Third Opponent)

(October 7, 1931. Opinion and Decree.)

Burns & Pierson, of Ponchatoula, attorneys for plaintiff, appellant.

Ellis, Ellis & Ellis, of Amite, attorneys for intervener, appellee.

ELLIOTT, J. Ponchatoula Homestead Association, judgment creditor of Edwin B. Kennon in the sum of $14,897.50 with interest and attorney's fees thereon, issued execution against Kennon and caused to be seized and advertised for sale a lot of automobile parts, equipment, an old motortruck, and some other things used in repairing and handling automobiles, as the property of said Kennon.

Z. M. P. Inge, alleging himself to be the owner of the things seized and in possession of the same by purchase from Kennon, enjoined the sale.

The court maintained the injunction recognizing Inge as owner.

Ponchatoula Homestead Association appealed.

The evidence shows that Kennon had been agent for and dealer in automobiles, Ford make, at Kentwood for many years, and had during the same time operated a garage and shop for the repair of automobiles, keeping on hand and in stock various parts of Ford automobiles for sale. The parts were for the old model make of Ford cars; some of the parts, such as fenders, had never been used, but all belonged to the old model now obsolete and out of demand, except when needed now and then in repairing the old make of Ford cars.

Mr. Kennon had been forced out of business by financial reverses.

His garage had been seized and sold, but these old parts and things had been left on his hands. He testifies that it did not pay to rent a place in Kentwood to keep the things. That Mr. Inge, a dealer in automobile parts, came along and offered him $42.50 for the lot. That he accepted the offer, received the amount, and delivered the things to Mr. Inge, whose place of business is at Baton Rouge.

Mr. Inge testifies that he bought the things from Mr. Kennon for $42.50; that Mr. Kennon delivered them to him. That they were such things that he did not need in his place of business in Baton Rouge, and that it did not pay to rent a place to store them; that it was expensive to move them to Baton Rouge, and that he decided that it was to his advantage to sell them as opportunity offered in the locality of Kentwood. He therefore entered into an agreement with E. B. Kennon, Jr., son of E. B. Kennon, defendant, who was engaged in operating a filling station some five or six miles east of Kentwood, to take the things into his place of business and sell them upon a commission of 10 per cent.

Ponchatoula Homestead Association claims in its brief that the parts and things seized are worth several hundred dollars, and that at the time of the seizure no delivery had taken place and the things still belonged to Kennon. That the truck was still operated under the license which had been obtained by Kennon.

There was considerable questioning concerning the value of the things. One witness called by Homestead Association testifies that the articles are worth several hundred dollars, but the testimony as a whole has convinced us that this is a mistake. The sincerity of the witness who testified that such was the fact is not questioned, but we are satisfied that $42.50 was a fair price for the articles in question. The one-ton truck is in our opinion practically unsalable, although it may be worth something to some people. Among the things is an old hoist; it cost more than a hundred dollars at the time it was bought, six or seven years ago, but we are satisfied that it is now of very little value, that there is no demand for it, but it may be sold for a few dollars. The fenders, although never used and as good as new, are practically of no value because the cars for which they were made are now of an obsolete make, and it is only now and then that these parts are desired for the purpose of repairing or replacing worn out parts of some car of the old model Ford make. Most of the other things are old parts and things of very little, if any, value.

We are satisfied that the goods were delivered by Mr. Kennon to Mr. Inge following the sale and previous to the seizure. Facts and circumstances urged by the seizing creditor as showing that no delivery had taken place would, under other circumstances, be looked on differently; but to our mind these things are of such small value, and the demand for them so uncertain and infrequent, that the arrangement entered into between Mr. Inge and the son of E. B. Kennon, a boy about sixteen years old, looking to the sale of these things at a filling station out in the country operated by the boy, does not indicate any covert understanding between Inge and Kennon under which Kennon remains the owner.

The judgment of the lower court in favor of Inge is in our opinion correct.

Judgment affirmed. Ponchatoula Homestead Association to pay the cost in both courts.